## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Geovani Barrios Delgado, | No. CV-26-01460-PHX-AMM |
| Petitioner, | **ORDER** |
| v. | |
| Unknown Rokosky, | |
| Respondent. | |

On May 12, 2026, Magistrate Judge John Z. Boyle issued a Report and Recommendation ("R&R") recommending this Court grant Petitioner Geovani Barrios Delgado's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 9.) Judge Boyle notified the parties they had fourteen (14) days to file any written objections to the proposed findings and recommendation. (*Id.* at 18.) Neither party filed an objection, and the time to do so has now passed.

A district court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes 1983 Addition. A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

The Court has reviewed the Magistrate Judge's R&R (Doc. 9), the parties' briefs (Docs. 1, 7), and the record. The Court finds no clear error and agrees with the findings and recommendation.

Accordingly,

**IT IS ORDERED**:

(1) The Report and Recommendation is **ADOPTED.** (Doc. 9.)

(2) Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus is **GRANTED** as to Petitioner's request for an individualized bond hearing. (Doc. 1.)

(3) Petitioner shall be provided an individualized bond hearing within **seven (7) days** of the date of this Order. This bond hearing shall comply with the procedural requirements set out in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). The government shall bear the burden of proving that Petitioner is a danger or flight risk by clear and convincing evidence. Additionally, the Immigration Judge should consider Petitioner's financial situation and alternative conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). In the alternative, the government may release Petitioner under appropriate conditions of release.

(4) Petitioner shall be provided with adequate notice prior to the hearing.

(5) The government shall file a status report with the Court regarding the bond hearing and whether the Petitioner was released within **fourteen (14) days** of the date of this Order.

(6) The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 27th day of May, 2026.

Honorable Angela M. Martinez
United States District Judge

- 2 -